**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000009**
**18-MAR-2013**
**09:59 AM**

NO. CAAP-12-0000009

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHAD GETZ, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-0608)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard, Ginoza, JJ.)

Defendant-Appellant Chad Getz (Getz) appeals from the Judgment of Conviction and Sentence, filed on December 7, 2011 in the Circuit Court of the First Circuit (circuit court).[1]

A jury found Getz guilty of Robbery in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-841(1)(a) (Supp. 2012 ).[2]

---

[1] The Honorable Glenn J. Kim presided.

[2] HRS § 708-841 states:

§708-841 **Robbery in the second degree.** (1) A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
(a) The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance;
(b) The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property; or

(continued...)

On appeal, Getz contends there was insufficient evidence to convict him of Robbery in the Second Degree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Getz's point of error as follows:

When the evidence is considered in the strongest light for the prosecution, State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998), there was substantial evidence to support Getz's conviction for Robbery in the Second Degree.

HRS § 708-842 (Supp. 2012) states:

> **Robbery; "in the course of committing a theft"**.  An act shall be deemed "in the course of committing a theft or non-consensual taking of a motor vehicle" if it occurs in an attempt to commit theft or non-consensual taking of a motor vehicle, in the commission of theft or non-consensual taking of a motor vehicle, <u>or in the flight after the attempt or commission</u>.

(Emphasis added.)

Jessie Saffrey, a loss prevention officer, testified that Getz selected a Coach handbag from the store, attempted to conceal it behind another shopping bag, and walked out of the store.  Angela Rueber (Rueber), another loss prevention officer, testified that she caught up to Getz outside of the store and asked him to return to the store with her but Getz refused.  As Getz walked toward a stairwell, Rueber grabbed the Coach handbag but Getz refused to release it.  Instead, Getz continued to walk to the stairwell, they were "playing tug-of-war" with the handbag, Getz walked down the stairs, and Rueber went with him. Rueber then attempted to block Getz with her arm by putting it in front of him and grabbing onto a handrail.  Getz broke through using the force of his body weight and continued down the stairs

---

[2](...continued)
        (c)   The person recklessly inflicts serious bodily injury upon another.
        (2)   Robbery in the second degree is a class B felony.

while still holding the handbag. Rueber eventually pulled the handbag away but Getz continued down the stairs while Rueber attempted to stop him. After a police officer arrived at the stairs, Getz became compliant. In whole, Rueber and Getz had gone down three flights of stairs.

"[G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, '[w]e have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient. . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances.'" State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (citation omitted).

There was substantial evidence for the jury to conclude that in the course of committing theft of a handbag, Getz used force against Rueber with the intent to overcome her physical resistance or physical power of resistence in the flight after the commission of the theft. Therefore, there was substantial evidence as to every material element of the offense charged.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, filed on December 7, 2011 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 18, 2013.

On the briefs:

Summer M. M. Kupau
Deputy Public Defender
for Defendant-Appellant

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3